**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| GARY HAMBLEN, an individual, | ) | No. CV 08-00561-PHX-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| DIAMANTE CROSSROADS PLAZA, | ) | |
| LLC, a Colorado limited liability | ) | |
| company, DBA Crossroads Plaza, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter comes before the Court on Defendant's Motion and Application for Attorneys' Fees and Costs. (Dkt. # 16.)  Plaintiff's counsel filed a Response in Opposition to Defendant's Motion for Fees (Dkt. # 17), including a Motion to Strike. (Dkt. # 21). Defendant then filed a Reply to Plaintiff's Response in Opposition to Defendant's Motion for Attorneys' Fees (Dkt. # 20), as well as a Response to Plaintiff's counsel's Motion to Strike (Dkt. # 22).

The Court has reviewed the foregoing documents and now grants Defendant's Motion for Attorneys' Fees and Costs.  The Court denies Plaintiff's counsel's Motion to Strike.

## I.      Background

Defendant filed a Motion to Dismiss ("MTD") Plaintiff's original Complaint on April 15, 2008.  (Dkt. # 7.)  The following day, Plaintiff's counsel ("Mr. Don") sent an e-mail to Defendant's counsel ("Mr. Rutila") addressing the merits of Defendant's MTD and encouraging Mr. Rutila to "save both the court and litigants' time and expense by withdrawing [the] motion."  (Pl.'s Resp. in Opp'n to Def.'s Mot. for Fees., Ex. A.)  Mr. Rutila never responded.

Two months later, oral argument on Defendant's MTD was scheduled for July 14, 2008 at 4 o'clock P.M.  (Dkt. #13.)  At some point, however, Plaintiff decided to amend his Complaint, which had the practical effect of mooting Defendant's MTD.  Under Fed. R. Civ. P. 15(a), Plaintiff could amend his Complaint once as a matter of course before any responsive pleading was served.  The issue here, however, is not the timeliness of Plaintiff's First Amended Complaint but the fact that Mr. Don did not timely inform either opposing counsel or the Court of his decision to file the amended pleading – a decision that would impact the pending MTD hearing.  Instead, Mr. Don waited to file Plaintiff's First Amended Complaint until a mere one hour and forty-six minutes before Defendant's MTD was to be heard (Dkt. # 14.), thus necessitating that both the Defendant and the Court prepare for and attend an unnecessary proceeding.

Although the Court can only speculate as to reasons for the inconvenient timing of Mr. Don's filing, the Court will not tolerate unprofessional or make-work behavior.  Had Mr. Don notified the Court and Defendant in a timely fashion that he would be filing an amended complaint, the July 14 hearing could have been vacated or rescheduled as appropriate, saving both the Court and the parties the time and expense of preparing for the hearing.

## II.     Basis for Attorneys' Fees

Defendant mistakenly cites Federal Rule of Civil Procedure 11 as a basis for the Court's authority to award fees in this matter.  Rule 11 is primarily aimed at deterring baseless filings and is directly related to an attorney's certification of such papers.  *Cooter & Gel v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *see also* Fed. R. Civ. P. 11(b).

Although Mr. Don may not have filed Plaintiff's amended complaint in the most desirable time frame, and although he may not have a satisfactory reason to explain his delay, this does not mandate the inference that the First Amended Complaint was filed for an improper purpose.

The Court finds its source of authority in this matter granted by 28 U.S.C. §1927, and to any extent not provided by statute, under its own inherent power.  28 U.S.C. §1927 states that an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Moreover, federal courts have within their discretion "the ability to fashion an appropriate sanction for conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).  Attorneys' fees fall within the ambit of "appropriate sanctions."  *See id.* at 45.

Whether Mr. Don was inexcusably unaware of the impact of filing Plaintiff's Amended Complaint in the eleventh hour or did so with the intent to antagonize his opponent, the result was nevertheless the same.  Mr. Don's conscious choice to file the pleading when he did inconvenienced both opposing counsel and this Court.  Additionally, Mr. Don's conduct wasted the Court's limited resources and demonstrated a level of unprofessionalism toward opposing counsel that supports a finding of bad faith.  Were it not for Mr. Don's disregard for the judicial process, as well as generally accepted practices of the legal profession, a significant amount of time and money would not have been expended.  For the foregoing reasons, this Court concludes that Mr. Don must personally reimburse Defendant for the fees incurred as a result of Mr. Don's conduct.

**III.    Reasonableness of Attorneys' Fees**

Both parties argue incorrect standards to be applied in determining the reasonableness of the claimed attorneys' fees.  Defendant cites case law from the Arizona Supreme Court that articulates the formula used for reasonableness in Arizona state law claims.  The action at bar is not in this Court on diversity, however, but is a federal question under the Americans

with Disabilities Act ("ADA").  Thus, the Court looks to federal standards in assessing the reasonableness of attorneys' fees.

Contrary to Plaintiff's counsel's assertions, L.R. Civ. 54.2 is not applicable here either.  *See* L.R. Civ. 54.2 ("This local rule does not apply to . . . claims for attorneys' fees and related expenses for violations of the Federal Rules of Civil Procedure or under 28 U.S.C. § 1927.").  Instead, the "lodestar" method is the customary approach.  *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

The lodestar method multiplies the number of hours a party reasonably expended on the litigation by a reasonable hourly rate.  *See id*.  The Court may then adjust that figure upward or downward after consideration of the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Morales*, 96 F.3d at 363–64, 364 n.8.  Of course, as a first step, the Court may reduce the total hours claimed to a reasonable number in order to make the initial calculation.  *See id*. at 364 n.9.

Mr. Rutila claims that he spent a total of 15.3 hours preparing for and traveling to and from the MTD hearing. He fails, however, to adequately document how all of this time was actually connected to the MTD hearing or explain how he would not have expended such time had he been timely notified of Plaintiff's intent to file an amended complaint.

The itemized statement submitted by Mr. Rutila to substantiate the time spent preparing for the MTD hearing contains three questionable entries.  First, Mr. Rutila's July 11, 2008 entry billed 2.8 hours to "DISMISS PLAINTIFF'S CLAIMS" without further elaboration.  With such an anemic description, the Court has no way of discerning the nature of Mr. Rutila's work and, thus, has no way of assessing whether the 2.8 hours is reasonable.

Second, Mr. Rutila billed 1.2 hours on July 13, 2007 to "TRAVEL TO [AND] FROM AND VIEW/INSPECT [THE] PROPERTY" that Plaintiff's original Complaint alleges does not comply with ADA standards.  Mr. Rutila, however, does not explain how his visual inspection of the property was necessary to prepare for the MTD hearing, particularly when Defendant's MTD is based on the argument that Plaintiff's original Complaint does not meet the prima facie pleading requirements needed to establish his claim.

Third, Defendant asserts that Mr. Don should be financially  responsible for the 0.2 hours spent by Mr. Rutila    "RECEIV[ING] AND REVIEW[ING] [PLAINTIFF'S] AMENDED COMPLAINT" on July 14, 2008.  As Mr. Rutila would have had to read Plaintiff's Amended Complaint regardless of the timing of its filing, the time attributed to this task cannot reasonably be recovered by Defendant as a consequence of Mr. Don's choice to file Plaintiff's Amended Complaint immediately prior to the MTD hearing.

In sum, the court finds a total 4.2 hours to be unreasonable as claimed in connection with Defendant's instant motion, and therefore reduces the 15.3 hours of fees requested to 11.1.

The second variable in the equation is defense counsel's hourly fee.  Mr. Rutila was the only timekeeper for the remaining hours 11.1 hours, and he billed Defendant at the rate of $240.00 per hour.  In consideration of the hourly rate customarily charged by attorneys performing similar work in the Phoenix legal market, the Court is satisfied that $240.00 is a reasonable hourly figure.

Applying the lodestar method described above, the Court multiplies 11.1 hours by $240.00; the product of which is $2,664.00.  Furthermore, the Court is not aware of any unique circumstances that would justify either increasing or decreasing this figure.  Thus, the Court finds that Mr. Don must pay $2,664.00 to Defendant to compensate him for fees incurred as a result of him unreasonably multiplying the proceedings in this case.

**IV.    Motion to Strike**

The objections raised in Plaintiff's Motion to Strike are not relevant to the resolution of Defendant's Motion for Attorneys' Fees and Costs and are accordingly denied as moot.

1    Accordingly,

2        **IT IS ORDERED** that Defendant's Motion and Application for Attorneys' Fees and

3    Costs (Dkt. # 16) is **GRANTED** to the extent that fees and costs in the amount of $2,664.00

4    are awarded to Defendant and against Plaintiff's counsel, Mr. Don.

5        **IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Dkt. # 21) is

6    **DENIED**.

7        DATED this 25th day of November, 2008.

8

9

10   _____

11           James A. Teilborg
         United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28