**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Hamblen, | No. CV 08-0561-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Diamante Crossroads Plaza, LLC, | |
| Defendant. | |

Plaintiff Gary Hamblen ("Hamblen") claims that Defendant Diamante Crossroads Plaza, LLC ("Diamante") discriminated against him on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq.[1] Diamante has filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #18.) For the following reasons, the Court will deny Diamante's motion.

**I.   Background**

The relevant allegations in the Complaint are as follows: Hamblen is a disabled individual who requires a wheelchair for mobility. Diamante operates, owns, or leases a

---

[1] Hamblen also asserts an identical state-law claim under the Arizonans with Disabilities Act ("AzDA"), A.R.S. §§ 41-1492 et seq. Although the Court only discusses the ADA claim in the body of this order, the Court's discussion is equally applicable to the AzDA claim. Compliance with Title III and its implementing regulations equals compliance with the AzDA. *See* A.R.S. § 41-1492.06(B).

1 shopping center (i.e., a place of public accommodation) referred to as Crossroads Plaza. At
2 this shopping center, Hamblen encountered a number of architectural barriers that do not
3 comply with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG" or
4 "Accessibility Guidelines"). Hamblen alleges, among other things, that: (1) the majority of
5 the curb ramps are excessively steep; (2) there are no curb ramps with detectible warnings;
6 (3) in at least one location the sidewalk cross slope is excessively steep; (4) the slope of
7 "accessible" parking spaces and access aisles is excessive; and (5) the width of access aisles
8 adjacent to "accessible" parking spaces is too narrow. (Amended Complaint, Doc. #14, ¶
9 19.) Hamblen claims that, as a result of these alleged violations, he is barred from "the full
10 and equal enjoyment of the goods, services, facilities, privileges, advantages, or
11 accommodations" which are available at Defendant's shopping center. (Id., ¶ 26.)

12 Hamblen further alleges that the property has been altered since the enactment of the
13 ADA guidelines in 1992. Specifically, Hamblen contends that: (1) Diamante has restriped,
14 resurfaced, or altered the parking lot; (2) Diamante has resurfaced, renovated, or altered the
15 sidewalks; and (3) Diamante has resurfaced or altered the curb ramps and other ramps in the
16 shopping center. (Id., ¶¶ 22-25.)

17 Diamante argues that these allegations, taken as true, are factually insufficient to meet
18 the pleading requirements of Federal Rule of Civil Procedure 8(a).

19 **II.     Legal Standard**

20 The Federal Rules of Civil Procedure embrace a notice-pleading standard. All that
21 is required to survive a Rule 12(b)(6) motion is "a short and plain statement of the claim
22 showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "'give the
23 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell*
24 *Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S.
25 41, 47 (1957)). In pleading the grounds of the claim, the plaintiff need not provide "detailed
26 factual allegations," *id.*; however, the plaintiff must plead enough facts "to raise a right to
27 relief above the speculative level." *Id.* at 1965. Factual allegations that are consistent with
28 lawful conduct are insufficient to state a claim. *See id.* at 1966. Such allegations are neutral

1 and do not suggest "plausible liability" on the claim. *See id.* at 1966 n.5 (recognizing a line
2 "between the factually neutral and the factually suggestive," which "must be crossed to enter
3 the realm of plausible liability").

## III.    Discussion

The presence of non-ADAAG-compliant architectural barriers in a place of public accommodation violates Title III if (1) the removal of the barriers is "readily achievable," 42 U.S.C. § 12182(b)(2)(A)(iv) (2005), or (2) the public accommodation is required to make its facility "readily accessible to and usable by individuals with disabilities." *Id.* § 12183(a). A plaintiff makes the latter showing by proving that the public accommodation's facility was "designed and constructed for first occupancy after January 26, 1993," 28 C.F.R. § 36.401, or has undergone alterations since January 26, 1992. *Id.* § 36.402. A facility is "readily accessible" only if it complies with the ADAAG. 28 C.F.R. § 36.406(a) (2007).

In its Motion to Dismiss, Diamante argues that Hamblen has failed to establish a viable Title III claim given that Crossroads Plaza is not required to comply with the Accessibility Guidelines. Underlying Defendant's argument is the premise that Crossroads Plaza is an unaltered, existing facility whose architectural barriers must be removed only if such removal is readily achievable. The Court, however, simply cannot accept this premise for purposes of Defendant's Motion to Dismiss.

In his Amended Complaint, Hamblen alleges upon belief that Diamante has altered the parking lots and sidewalks in front of its stores since January 26, 1992. Assuming these allegations to be true, Diamante would be required to make such alterations "readily accessible to and usable by individuals with disabilities," 42 U.S.C. § 12183(a), and thus compliant with the Accessibility Guidelines. Hamblen alleges that the facilities at issue are not in compliance with the Guidelines.

Diamante argues that Hamblen's allegations that Crossroads Plaza has undergone alterations since January 26, 1992 do not survive summary adjudication. Specifically, Diamante argues that Hamblen's claims of alterations are made without evidentiary support and that they are "generic and entirely conclusory." (Motion, Doc. #18, p. 7.) While

- 3 -

1 Diamante calls Hamblen's assertions "generic and conclusory," this Court finds them to be
2 concrete factual allegations which, if true, "raise a right to relief above the speculative level."
3 *Twombly*, 127 S.Ct. at 1965-66 (because parallel conduct was just as consistent with legal
4 behavior as illegal conspiracy, assertion of these facts alone was sufficient to survive the
5 motion to dismiss).  Indeed, the right to relief under the facts alleged would be more than
6 speculative; it would be guaranteed in the absence of any applicable defense.

7 The Court finds Diamante's arguments regarding the conclusory nature of Hamblen's
8 allegations to be particularly unavailing where, as here, Hamblen is likely to lack the very
9 information that Diamante maintains should be pled.  Where a plaintiff is at an informational
10 disadvantage--where the information necessary to plead with greater specificity is in the
11 possession of the defendant--courts give plaintiffs "some benefit of the doubt to go along with
12 the specific facts it has pled . . . ." *United Technologies Corp. v. Mazer*, Nos. 06-15561 and
13 06-15562, 2009 U.S. App. LEXIS 2296, at * 22 (11th Cir. Feb. 5, 2009).  Here, Hamblen is
14 at a clear informational disadvantage and likely would be able to provide evidentiary support
15 for his claim of alterations only after conducting discovery.  Given the foregoing, the Court
16 finds that, at this juncture, Hamblen's allegations are sufficient to survive a motion to dismiss.

17 Indeed, it is difficult to see how much more supported Hamblen's Title III claim could
18 be unless it specified the underlying premise for Hamblen's belief that the facilities have been
19 altered.  The Court cannot conclude that  pleading with this level of specificity is required.
20 *Twombly,* 127 S.Ct. at 1964.  A plaintiff is not required to plead sufficient facts to prove their
21 case, but must plead factual allegations sufficient "to raise a right to relief above the
22 speculative level." *Williams v. Gerber Products Co*., 523 F.3d 934, 938 (9th Cir. 2008) (citing
23 5 Wright and Miller, *Federal Practice and Procedure* § 1356 ("[T]he motion [to dismiss] is
24 not a procedure for resolving a contest between the parties about the facts or the substantive
25 merits of the plaintiff's case.")).  Here, Hamblen has met that burden by pleading facts
26 sufficient to raise a right to relief above the speculative level.

27 Diamante further argues that, even if this Court assumes the allegations of alterations
28 to be sufficient and true, the alleged alterations do not "affect the usability of the building or

- 4 -

1 facility" as determined by 28 C.F.R. § 36.402(2)(b)(1).  Diamante contends that Crossroads
2 Plaza must therefore be considered an existing, unaltered facility and that the heightened
3 accessibility standards consequently do not apply.  Diamante specifically argues that
4 alterations such as restriping the parking lots do not "affect the usability of the building or
5 facility" and are instead "normal maintenance" such as "reroofing, painting or wallpapering"
6 that fall outside the purview of the ADA. (Motion, Doc. #18, p. 8.)  The examples of "normal
7 maintenance" cited by Diamante, however, are exempted from the definition of "alteration"
8 under the ADA for obvious reasons: they do not affect the usability of the facilities by people
9 with disabilities, and thus the ADA guidelines do not cover them.  There are no Accessibility
10 Guidelines  pertaining to roof design; therefore one cannot be expected to put on a new roof
11 in adherence to guidelines that do not exist.  Parking lots, by contrast, can be painted, or
12 repainted as the case may be here, to either comply or not comply with the Accessibility
13 Guidelines.  Here, Hamblen asserts that the latter is true.  If Diamante did restripe the parking
14 lot, and if it did so in such a way that the Accessibility Guidelines were violated, then
15 Diamante would have committed a violation of the ADA.

16 If the employ of basic logic did not make this point obvious enough, *The Americans*
17 *with Disabilities Act Title III Technical Assistance Manual* provides for this exact contingency
18 in one of its illustrations.  Illustration 4, in offering an example of an "alteration" subject to
19 ADA guidelines, states:

> A parking lot is restriped.  Because the restriping may affect the ability of
> individuals with disabilities to gain access to the facility, the restriping project
> would be considered an alteration and therefore must include accessible spaces
> and access aisles in the number required by the ADAAG.

U.S. Department of Justice Civil Rights Division, *Americans with Disabilities Act Technical Assistance Manual,* III-6.1000 (1993).  In light of this illustration, this Court cannot conclude that the restriping of a parking lot or sidewalk renovation is not an "alteration" within the meaning of the ADA.

Finally, even assuming that Hamblen could not survive summary adjudication on the alterations issue, he has also alleged that Diamante would be required to remove the barriers

- 5 -

under the readily achievable standard applicable to existing, unaltered facilities.[2] Diamante argues that Hamblen's allegation that removal is "readily achievable" is a conclusory statement and "do[es] not assist in pushing [Hamblen's] assertions across the line from conceivable to plausible." (Motion, Doc. #18, p. 10.) Diamante further argues that *Twombly* requires, at a minimum, that a plaintiff present projected costs to show that specific changes are readily achievable, and that Hamblen has failed to do so.

Diamante essentially urges the Court to require ADA plaintiffs to plead that the specified changes are readily achievable and to support such pleadings with sufficient evidence to prove that the changes are in fact readily achievable. However, this argument ignores the purpose of a complaint under Rule 8 of the Federal Rules of Civil Procedure, i.e., to give the defendant notice of the factual basis of the claim and the basis for the court's jurisdiction. *See Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007) (holding that the plaintiff was not required to plead the existence of accessibility barriers with specific detail or support those pleadings with evidence that the plaintiff actually

---

[2] The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). The ADA lists four factors for determining whether an action is readily achievable:

(A) the nature and cost of the action;

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

*Id*.

1  encountered those barriers). "[C]oncerns about specificity in a complaint are normally
2  handled by the array of discovery devices available to the defendant." *Id*. at 842. Moreover,
3  "[i]f it develops that discovery shows that a party did not have a good-faith basis for the
4  general factual allegations made in a complaint, then that party will be subject to sanctions
5  under the normal standards." *Id*. at 842 n. 9.

6       Furthermore, without discovery, Hamblen would only be able to include the projected
7  costs of making the required changes to the facility. But, the determination of whether a
8  specific change is readily achievable "is a fact intensive inquiry," and is not limited to a single
9  factor such as cost. *Hubbard v. Rite Aid Corp*., 433 F. Supp. 2d 1150, 1168 (S.D. Cal. 2006).
10 The ADA lists four factors for determining whether an action is readily achievable, and the
11 Court cannot find that merely including projected costs, when not viewed with the other
12 factors for determining whether an action is readily achievable, would provide any more
13 factual basis for Hamblen's allegation than not doing so. As such, the Court finds that
14 alleging that an action is readily achievable without providing specific evidence to establish
15 that the action is in fact readily achievable is sufficient under the minimal hurdle of notice
16 pleading imposed by Rule 8 of the Federal Rules of Civil Procedure.

17      Accordingly,

18      **IT IS HEREBY ORDERED** denying Defendant's Motion to Dismiss (Doc. # 18); and
19 / / /
20 / / /
21 / / /
22
23
24
25
26
27
28

1  **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Amend (Doc. #23) as
2 moot.
3  DATED this 27th day of March, 2009.

_____
James A. Teilborg
United States District Judge